UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
KEVIN HUTCHINSON,

|  |  |  |
|---|---|---|
| | Plaintiff, | **COMPLAINT** |
| -against- | | Jury Trial Demanded |
| CITY OF NEW YORK, | | |
| BRENDAN GRACE, individually, | | Docket No.: |
| MANDEEP SINGH, individually, and | | |
| JOHN DOE 1 through 5, individually, | | |
| (the name JOHN DOE being fictitious, as the | | |
| true names are presently unknown), | | |

Defendants.
----------------------------------------------------------------------X

      Plaintiff KEVIN HUTCHINSON, by his attorney, Jason Leventhal, Esq., complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

      4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff is a twenty-four year old African-American man residing in Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, defendant CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, BRENDAN GRACE, MANDEEP SINGH, and JOHN DOE 1 through 5, were duly sworn officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were committed by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.    On January 9, 2016, at approximately 1:00 a.m., plaintiff was lawfully driving his motor vehicle, a four-door sport-utility-vehicle, on 167th Street heading toward Union Avenue, in the vicinity of Prospect Avenue and Union Avenue, Bronx, New York.  Plaintiff had not violated any law nor committed any offense.

13.    At that time, defendant MANDEEP SINGH was operating an NYPD motor vehicle with defendant BRENDAN GRACE riding in the front passenger seat.  Defendants initiated a traffic stop of plaintiff's vehicle.

14.    Plaintiff complied with the defendants' traffic stop by promptly stopping his vehicle and lowering his driver-side window.

15.    Defendant SINGH approached plaintiff's driver-side door.

16.    Plaintiff offered defendant SINGH his driver's license and vehicle registration.

17.    Defendant SINGH stated, in sum and substance, I don't need that, and ordered plaintiff to exit his vehicle.

18.    Plaintiff briefly questioned why defendant SINGH ordered him to exit his vehicle.

19.    Defendant SINGH ignored plaintiff's question and suddenly opened plaintiff's driver-side door, grabbed plaintiff, pulled him out of the vehicle, and ordered him to the back of the vehicle.

20.    Plaintiff complied and walked to the rear of his vehicle where defendants SINGH and GRACE grabbed plaintiff, slammed him to the ground, punched him in his face, had an arm around his neck, and sprayed pepper spray in plaintiff's face and eyes.

21.    Defendants SINGH and GRACE handcuffed plaintiff.

22.    Defendants caused other NYPD officers to transport plaintiff to the NYPD's 41st

3

Precinct stationhouse.

23.     Defendants imprisoned plaintiff in the 41st Precinct.

24.     Defendants GRACE, SINGH, and JOHN DOE 1 through 5 conspired to unlawfully strip search plaintiff knowing that they did not have reasonable individualized suspicion that plaintiff was in possession of weapons or contraband.

25.     In the 41st Precinct, defendants JOHN DOE 1 through 5 brought plaintiff into a vacant holding cell area in the back of the precinct, pulled plaintiff's pants and underwear down to his ankles, and ordered plaintiff to cough.   When plaintiff didn't cough, JOHN DOE 1 punched plaintiff in his belly, causing plaintiff to slump over.   Defendants JOHN DOE 1 through 5 directly conducted a visual strip/cavity search of plaintiff's rectal and genital areas and/or assisted in the unlawful search by surrounding plaintiff.

26.     Defendants SINGH and GRACE conspired to create false allegations against plaintiff as follows:

(A)     that plaintiff was driving recklessly without a front license plate – at a high rate of speed, changing lanes unsafely, and weaving around other motor vehicles without signaling;

(B)     that when the defendants initiated the traffic stop of plaintiff's vehicle, plaintiff stopped his vehicle then drove his vehicle in reverse, at a high rate of speed, causing defendant SINGH to drive in reverse to avoid plaintiff's vehicle;

(C)     that when the defendants approached plaintiff and requested plaintiff's license and registration, plaintiff refused to lower his driver-side window, refused to produce his documents, refused to exit the vehicle, and then plaintiff suddenly opened his door, pushed defendant SINGH and ran toward the rear of his vehicle;

(D)     that when plaintiff reached the rear of his vehicle, plaintiff turned left and ran straight into defendant GRACE who was coming from the passenger side to the driver sider to assist defendant SINGH;

(E)     that GRACE tackled plaintiff to the ground and got on top of plaintiff;

(F)     that plaintiff wrestled with the defendants, flailed his arms, refused to be handcuffed, and struck defendant GRACE in the stomach multiple times with his elbow;

(G)     that while defendant GRACE was on top of plaintiff and plaintiff's back was on the ground, defendant GRACE felt plaintiff's hand on GRACE's gun and yelled he's on my gun;

(H)     that defendant GRACE then felt the snap open on his holster, and felt his gun rock back and forth as plaintiff attempted to take GRACE's gun;

(I)     that defendant GRACE then rolled onto plaintiff's left arm, using his body to pin plaintiff's arm and hand on the ground, and defendant SINGH came toward GRACE;

(J)     that while defendant GRACE was engaged with plaintiff in a struggle over his gun, defendant SINGH bent down, over plaintiff and GRACE, with his radio in his hand and attempted to call for assistance when plaintiff grabbed SINGH's radio with his right hand and threw it down the street;

(K)     that during the struggle plaintiff struck defendant GRACE's mid-section ten to fifteen times;

(L)     that defendant GRACE suffered physical injuries including abrasions to his hands, fingers, knees and soreness to his mid-section as a result of the struggle

5

with plaintiff;

(M)     that defendant SINGH suffered physical injuries including abrasions to his hands as a result of the struggle with plaintiff.

27.     The allegations that defendants GRACE and SINGH conspired to create, including those contained in paragraph 24, are entirely false.

28.     Defendant GRACE created police documents including an NYPD Arrest Report and an NYPD Complaint Report with false allegations that plaintiff: drove recklessly, backed unsafely through an intersection, refused to give his identification to the officer, refused to exit his vehicle then stepped out of his vehicle and pushed an officer, resisted arrest, attempted to take a firearm from an officer while elbowing the officer in the stomach, and took an officer's radio and threw it away from him.

29.     Defendant GRACE also falsely alleged that plaintiff stated, "I was just fucking with you. I have a rear view camera.  I was just trying to scare you."

30.     Defendant GRACE provided the above described false allegations to the Bronx County District Attorney ("Bronx DA").

31.     Based on the defendants' false allegations, the Bronx DA drafted a felony complaint against plaintiff.

32.     Defendant GRACE signed and swore to the truth of the felony complaint against plaintiff which contained false allegations described above.

33.     The Bronx DA filed the felony complaint, falsely sworn to by defendant GRACE, in Bronx Criminal Court charging plaintiff.

34.     On January 10, 2016, plaintiff was arraigned in Bronx County Criminal Court on said felony complaint, falsely charging plaintiff with nine felonies and eleven misdemeanors

6

including charges of Robbery in the 2nd Degree and Assault on a Police Officer, Class C violent felonies requiring a mandatory minimum sentence of 3.5 to 15 years in prison.

35.     Plaintiff was released on his own recognizance at his arraignment.

36.     Defendant GRACE falsely testified to a Bronx County Grand Jury, conveying the false allegations described above.

37.     As a result of said false allegations, a Bronx County Grand Jury voted a ten-count indictment charging plaintiff with: Attempted Criminal Possession of a Weapon in the Second Degree (2 counts) (D felony); Assault in the Second Degree (D felony); Resisting Arrest (A misdemeanor); Obstructing Governmental Administration in the Second Degree (A misdemeanor); Assault in the Third Degree (A misdemeanor); Reckless Endangerment (A misdemeanor); Menacing in the Second Degree (A misdemeanor); Attempted Criminal Possession of a Firearm (A misdemeanor); Attempted Criminal Possession of a Weapon in the Fourth Degree (B misdemeanor).

38.     The indictment compelled plaintiff to appear in Bronx County Supreme Court on numerous dates over the next 22 months until November 20, 2017 when a jury acquitted plaintiff of all charges.

39.     Defendant SINGH falsely testified to the false allegations described above at plaintiff's jury trial.

40.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or  practice of: unlawfully stopping individuals without a reasonable basis; subjecting individuals to false arrest and excessive force and engaging in a practice of falsification in an

attempt to justify the false arrest and excessive force; unlawful stopping and arresting individuals to meet "productivity goals" (i.e. arrest quotas); and/or arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

41.     The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in the vast number of civil rights actions filed against NYPD officers and the City of New York in the United States District Courts in the Eastern and Southern Districts of New York, and in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are in adequately trained, supervised and disciplined resulting in officers: unlawfully stopping individuals without a reasonable basis; subjecting individuals to false arrest and excessive force and engaging in a practice of falsification in an attempt to justify the false arrest and excessive force; unlawfully stopping and arresting individuals to meet "productivity goals" (i.e. arrest quotas); and/or arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

42.     In addition, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Colon v. CITY OF NEW YORK, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

43.    Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

44.    Upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train, supervise, and discipline them.

45.    Defendant CITY OF NEW YORK is further aware that the failure to adequately train, supervise and discipline officers has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate plaintiffs' civil rights.

46.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

47.    All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

49.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

50.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51.    As a result of the foregoing, plaintiff sustained, *inter alia*, physical and psychological injuries, pain and mental anguish, emotional distress, embarrassment, humiliation, damage to his reputation, lost income, and deprivation of his liberty and constitutional rights.

52.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to defendants GRACE and SINGH)

53.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

54.    Defendants arrested plaintiff without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

55.    Defendants caused plaintiff to be falsely arrested and unlawfully imprisoned.

56.    As a result of the foregoing, plaintiff is entitled to compensatory damages in an

10

amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983
as to defendants GRACE, SINGH and JOHN DOE 1 through 5)

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

58.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff's constitutional rights.

59.     As a result of the aforementioned conduct, plaintiff was subjected to excessive force and sustained physical injuries, pain and mental anguish, and emotional distress.

60.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983
as to defendants GRACE, SINGH and JOHN DOE 1 through 5)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

62.     Defendants conspired to strip/cavity searched plaintiff in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

63.     Defendants strip/cavity searched plaintiff in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

64.     Defendants thereby caused plaintiff to be deprived of his right to be free from unlawful strip searches.

65.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983
as to defendants GRACE and SINGH)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

67.     Defendants issued criminal process against plaintiff by causing his arrest and prosecution in a Bronx Criminal Court.

68.     Defendants caused plaintiff to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to safeguard defendants' employment and to avoid discipline for subjecting plaintiff to false arrest and excessive force, and thereby violated plaintiff's right to be free from malicious abuse of process.

69.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(<u>Malicious Prosecution under 42 U.S.C. § 1983</u>
<u>as to defendants GRACE and SINGH</u>)

70.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

71.     Defendants conspired to initiate, commence and continue a malicious prosecution against plaintiff in the absence of probable cause based on false allegations.

72.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

73.     Defendants caused plaintiff to be prosecuted without probable cause until a jury acquitted plaintiff of all charges on November 20, 2017.

74.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(<u>Violation of Right to Fair Trial under 42 U.S.C. § 1983</u>
<u>as to defendant GRACE and SINGH</u>)

75.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

76.     Defendants conspired to create false evidence described above.

77.     Defendants conspired to forward the false evidence to the Bronx DA to be used against plaintiff in criminal legal proceedings.

78.     Defendants created the false evidence and forwarded the false evidence to the Bronx DA who utilized the false evidence against plaintiff in legal proceedings.

79.     As a result, plaintiff suffered a deprivation of his liberty.

80.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 as to defendant CITY OF NEW YORK)

81.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

82.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

83.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, police officers: unlawfully stopping and questioning individuals; falsely arresting individuals in the absence of probable cause; subjecting individuals to excessive force; creating false evidence likely to influence a jury and forwarding the false evidence to prosecutors in an attempt to justify subjecting individuals to false arrest and excessive force; subjecting individuals to malicious abuse of process, malicious prosecution and deprivation of right to a fair trial based on false allegations; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); and/or arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

84.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the

14

moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

85.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff.

86.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

87.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

88.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff was falsely arrested, subjected to excessive force, unlawful strip search, malicious abuse of process, malicious prosecution, and deprivation of his right to a fair trial.

89.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

90.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

A.      To be free from false arrest/unlawful imprisonment;

15

B.      To be free from excessive force;

C.      To be free from an unlawful strip search;

D.      To be free from malicious abuse of process;

E.      To be free from malicious prosecution; and

F.      To be free from deprivation of his right to a fair trial.

91.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

92.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

93.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

94.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

95.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

96.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

97.     This action falls within the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York
as to defendants GRACE, SINGH, and CITY OF NEW YORK)

98.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

99.     Defendants conspired to initiate, commence and continue a malicious prosecution against plaintiff based on false allegations.

100.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff based on false allegations.

101.     Defendants caused plaintiff to be prosecuted without probable cause until a jury acquitted plaintiff of all charges on November 20, 2017.

102.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

103.     Plaintiff repeats, reiterates and realleges each and every allegation contained in foregoing paragraphs with the same force and effect as if fully set forth herein.

104.     Defendant CITY OF NEW YORK is vicariously liable for the acts its employees and agents including, but not limited to, defendants GRACE and SINGH, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

105.     As a result of the foregoing, plaintiff is entitled to compensatory damages in an

amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 9, 2019

By:     s/_____
        Jason Leventhal
        Leventhal Law Group, P.C.
        *Attorneys for Plaintiff*
        45 Main Street, Suite 528
        Brooklyn, New York 11201
        (718) 556-9600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KEVIN HUTCHINSON,

                                         Plaintiff,

                                                                    Docket No.:

            -against-

CITY OF NEW YORK,
BRENDAN GRACE, individually,
MANDEEP SINGH, individually, and
JOHN DOE 1 through 5, individually,
(the name JOHN DOE being fictitious, as the
true names are presently unknown),


                                         Defendants.
------------------------------------------------------------------------X



**COMPLAINT**







**LEVENTHAL LAW GROUP, P.C.**
*Attorneys for the Plaintiff*
45 Main Street, Suite 528
Brooklyn, New York 11201
(718) 556-9600