UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN HUTCHINSON, Plaintiff, -against- BRENDAN GRACE, individually, MANDEEP SINGH, individually, and CITY OF NEW YORK, Defendants. | **ORDER AND OPINION DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW, OR FOR A NEW TRIAL** 19 Civ. 270 (AKH) |

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff Kevin Hutchinson ("Plaintiff") brought suit on January 19, 2019 against New York Police Officers Brendan Grace ("Grace") and Mandeep Singh ("Singh") and the City of New York (collectively "Defendants"), alleging that Defendants violated his constitutional rights, in violation of 42 U.S.C. § 1983 and state law. Plaintiff proceeded to trial pursuing claims of false arrest, excessive force, malicious prosecution, denial of the right to a fair trial, and unlawful strip search. Trial commenced on December 13, 2021, and the jury returned a verdict in favor of Defendants on all claims on December 17, 2021. I entered judgment on January 5, 2022. (ECF No. 61).

Plaintiff now moves for judgment as a matter of law under Fed. R. Civ. P. 50(b) as to his unlawful strip search claim, or for a new trial under Fed. R. Civ. P. 59(a) on all of his claims. (ECF No. 64). Plaintiff offers three reasons why post-trial relief is warranted. First, as to the unlawful strip search claim, he argues that the jury's verdict is against the weight of the "credible" evidence, seriously erroneous, and a miscarriage of justice. Second, as to the remainder of his claims, he argues that the Defendant Officers' testimony was materially inconsistent with one another and with Plaintiff's evidence, and that I therefore should assess the

credibility of the witnesses and find Defendants' testimony unworthy of belief. Finally, as to his malicious prosecution claim, he argues that he is entitled to a new trial under *Posr v. Doherty*, 944 F.2d 91 (2d Cir. 1991), because I did not require the jury to find whether probable cause existed as to each crime for which Plaintiff was prosecuted—allegedly reversible error.

Plaintiff has not obtained the trial transcript because of "financial constraints." Although "unsupported contentions, without any evidence from the trial record, are insufficient to justify the grant of a new trial," *see, e.g.*, *Amw Materials Testing v. Town of Babylon*, 01-CV-4245, 2008 U.S. Dist. LEXIS 111161, at *53 (E.D.N.Y. Mar. 13, 2008), *aff'd* 584 F.3d 426 (2d Cir. 2009), I nevertheless consider each of Plaintiff's arguments in the interest of justice.

Plaintiff's motion is denied.

## I. Motion for Judgment as a Matter of Law under Rule 50(b)

Plaintiff asks me to enter judgment in his favor on his unlawful cavity search claim and order a trial on damages. Despite having failed to make *any* motion at trial under Rule 50(a), Plaintiff claims entitlement to relief under Rule 50(b) because the jury's verdict is unsupported by the evidence. I hold that relief is unwarranted under Rule 50(b) because Plaintiff failed to move under Rule 50(a) at trial, and because no manifest injustice results.

Rule 50(a) of the Rules of Civil Procedures provides that a court may grant a motion for judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue." Fed. R. Civ. P. 50(a).

Rule 50(b) states that:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not

> decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

Fed. R. Civ. P. 50(b). The post-trial motion for a judgment as a matter of law requires that a motion be made before the case is submitted to the jury. *See Henry v. Dinelle*, 929 F. Supp. 2d 107, 113–14 (N.Y.N.D. 2013), *aff'd*, 557 Fed. App'x 20 (2d Cir. 2014) (citing Fed. R. Civ. P. 50 Advisory Committee Note (1963) ("A motion for judgment notwithstanding the verdict will not lie unless it was preceded by a motion for a judgment as a matter of law made at the close of all the evidence."). In addition, "[a] post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion." Fed. R. Civ. P. 50 Advisory Committee Note (1991); *see also Exxon Shipping 114 Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) ("A motion under Rule 50(b) is not allowed unless the movant sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury.").

Where, as here, a plaintiff fails to move under Rule 50(a), he must show that relief under Rule 50(b) is necessary "to prevent manifest injustice." *Lore v. City of Syracuse*, 670 F.3d 127, 153 (2d Cir. 2012) (citations omitted). "Manifest injustice" exists only when a jury's verdict is "wholly without legal support." *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 129 (2d Cir. 1999). And in deciding any Rule 50 motion, a court "must give deference to all credibility determinations and reasonable inferences of the jury, and may not weigh the credibility of witnesses or otherwise consider the weight of the evidence." *Stampf v. Long Island R. Co.*, 761 F.3d 192, 198 (2d Cir. 2014).

Plaintiff fails to establish that relief is necessary to prevent manifest injustice because he has not shown that the jury's verdict is "wholly without legal support." Without citation to evidence in the trial transcript, Plaintiff speculates about how the jury reached its

conclusion. He opines that "it seems the jury may have been inappropriately persuaded by [Defendant] Grace's testimony during cross-examination," and that it "may have also credited Grace's denial of involvement in the search – even though the documentary evidence"—a police log stating that a strip search was "conducted by PO Grace"—"mandated otherwise."

But Plaintiff fails to acknowledge the evidence supporting the jury's verdict—namely that notwithstanding the police log, Plaintiff did not identify Grace as the individual that conducted the search. In addition, Plaintiff was impeached with his former testimony, wherein he stated that five to six officers were present during the search, and that the officer who searched him was light-skinned black and Plaintiff's height, and wore glasses. At trial, when asked whether that description matched Defendant Grace, Plaintiff admitted that it did not.

Plaintiff's arguments fail because they do not call into question the legal support for the jury's verdict. Rather, they assume that the jury should have credited his version of events, and thus go to the "proper weight afforded to the trial evidence, which is not a proper basis for a Rule 50(b) motion." *Pouncy v. Danka Off. Imaging Co.*, 393 Fed. App'x 770, 773 (2d Cir. 2010) (citing *Zellner v. Summerlin*, 494 F.3d 344, 370 (2d Cir. 2007). Although the police log stated that Defendant Grace conducted the cavity search, the jury was also presented with conflicting evidence—including Defendant Grace's denial of involvement and Plaintiff's failure to identify Defendant Grace as the officer who, in fact, conducted the search. The jury's task was to assess and reconcile all of the evidence presented to it. In so doing, it was entitled to credit Defendants' version of the events as well as Defendant Grace's denial of involvement. That it reached a result that Plaintiff feels was erroneous does not render the verdict "wholly without legal support." Accordingly, his motion for judgment as a matter of law must be denied. *See Kotler v. Jubert*, 2017 WL 2210267, at *3, (N.D.N.Y May 18, 2017) (It was within the jury's

purview to credit Defendants' testimony rather than Plaintiff's when considering the evidence. Therefore, the Court finds that there will be no 'manifest injustice' if the Court denies Plaintiff's motion for judgment as a matter of law; and, accordingly, it does so.").

**II. Motion for a New Trial under Rule 59(a)**

Plaintiff moves for a new trial on his claims for false arrest, excessive force, malicious prosecution, and denial of his right to a fair trial. He claims that his testimony was credible and consistent with that of his witness and exhibits offered, and that Defendants' testimony was materially inconsistent and therefore not credible. Because the jury ruled in favor of Defendants, however, Plaintiff concludes that the jury's verdict is seriously erroneous.[1]

Under Rule 59(a), a court may "grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 599a)(1)(A), "including if the verdict is against the weight of the evidence." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012). "[A] decision is against the weight of the evidence . . . if and only if the verdict is (1) seriously erroneous or (2) a miscarriage of justice." *Id.* (citation omitted). Unlike a Rule 50 motion, a motion for a new trial under Rule 59 allows a court "to weigh the evidence[,] . . . and it need not view [the evidence] in the light most favorable to the verdict winner." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998). However, a court should only grant such a motion when the jury's verdict is "egregious" and "should rarely disturb a jury's evaluation of credibility." *Id.* at 133.

---

[1] In support of his motion, Plaintiff provides no citations to the trial transcript, and instead, selectively offers self-serving recollections and his characterization of testimony. His failure to provide any "record evidence to substantiate his claims—standing alone—provides sufficient basis to deny the motion." *Anderson v. Aparicio*, 25 F. Supp. 3d 303, 309 (E.D.N.Y. 2014). However, as described above, procedural deficiencies aside, his motion also fails on the merits.

As Plaintiff's arguments make plain, the jury's verdict appears to turn on credibility determinations of Plaintiff, his witness, and the Defendant Officers. He urges me to assess the credibility of the witnesses, to find Defendants' testimony not credible, and his credible, and to grant his motion on this basis. Even though Rule 59 affords me latitude to consider witness credibility, I decline his invitation because no egregious verdict resulted from the jury's credibility determination here.

The jury heard testimony from witnesses for both parties, regarding the circumstances giving rise to Plaintiff's arrest, detention, and subsequent prosecution. Plaintiff offered his own testimony as well as that of Diamondique Richardson, who was a passenger in his vehicle, when Defendants pulled him over. Plaintiff also offered documentary evidence, which included street maps, police records, charging documents, and photographs of his injuries. To rebut the charges, Defendants relied solely on their own testimony, which detailed a version of events that Defendants claimed justified Plaintiff's arrest, their use of reasonable force, and Plaintiff's strip search, and which gave them probable cause to initiate his criminal prosecution.

As one might expect, Plaintiff and Defendants' accounts differed substantially, and so, as I advised the jury in my instructions, the jury's task was "to judge the credibility of the witnesses." Trial Transcr. 550:17–18 (Dec. 16, 2021), ECF No. 70. I instructed that the jury had "to decide whether the plaintiff . . . proved his case by a preponderance of the evidence . . . acceptable what is credible, reject what is not credible, or working out some degree between the two." *Id.* 55:21–24. And I elaborated on ways it might make judgments about credibility. For example, I suggested they might consider whether testimony is "consistent," both with other evidence and with testimony that a witness gave at a different time, and if inconsistent, whether that inconsistency was important. *Id.* 551:2–5. I also suggested they might consider any biases

the witness might have had, the witness's demeanor, and the conditions under which the witness observed the matters to which they testified. *Id.* 551–52. In addition, I specifically instructed the jury about evaluating the testimony of a police officer: "In evaluating the credibility of a police officer, use the same guidelines which you apply to the testimony of the other witnesses, without giving greater or lesser credence to the testimony of a witness merely because that witness is a law enforcement officer." *Id.* 553:4–8.

Upon reviewing the evidence, the jury returned a verdict in favor of Defendants, finding that Plaintiff failed to prove by a preponderance of the evidence that he was falsely arrested, subject to excessive force, unlawfully strip searched, maliciously prosecuted, or denied his right to a fair trial. Contrary to Plaintiff's suggestion, the jury's decision to credit Defendants' testimony does not render its verdict seriously erroneous, nor does it meet the high threshold necessary to overturn a credibility determination. *See Koch v. Greenberg*, 14 F. Supp. 3d 247, 262–63 (S.D.N.Y. 2014) (ruling that the jury was "within its rights to credit" a party's witnesses where opposing counsel exposed them to cross-examination and the court instructed the jury on the evaluation of credibility); *James v. Melendez*, 567 F. Supp. 2d 480, 484–85 (S.D.N.Y 2008) (refusing to grant a Rule 59 motion where the "jury's verdict was reasonably supported by" a police officer's credible testimony); *see also Raedle*, 670 F.3d at 418 (according a "high degree of deference . . . to the jury's evaluation of witness credibility"). Accordingly, Plaintiff's motion is denied.

## III. Motion for a New Trial on Malicious Prosecution Claim Under *Posr v. Doherty*

Plaintiff argues that he is entitled to a new trial on his malicious prosecution claim because I declined to require the jury to find that Defendants had probable cause to initiate prosecution. At the jury charge conference, and in the instant motion, Plaintiff contends that

such an instruction was required under the Second Circuit's decision in *Posr v. Doherty*, 944 F.2d 91, 94 (2d Cir. 1991).

Plaintiff's reliance on *Posr* is misplaced. In *Posr*, the plaintiff brought a malicious prosecution claim following dismissal of criminal charges. There, the plaintiff had been charged with disorderly conduct, resisting arrest, and assault in the third degree. In response to a jury question, the district court instructed that if the jury found probable cause supporting any of the three charges, no liability for malicious prosecution could be found as to any of the charges. *See id.* at 100. The jury found for the defendants on the malicious prosecution claim. On appeal, the Second Circuit found that the plaintiff was entitled to a new trial because the court's instruction made it impossible to know which charge or charges the jury may have found to lack probable cause. *See id.* It explained that disorderly conduct is a lesser charge than resisting arrest and assaulting an officer, and the district court's rule would allow an officer to escape liability on a malicious prosecution claim simply by tacking on charges for lesser offenses for which he had probable cause. *See id.* Thus, where charges arise out of distinct facts, they "should be analyzed separately." *Id.*

*Posr* is inapposite for three reasons. First, unlike in *Posr*, my instructions in no way suggested that probable cause for one was probable cause for all. Instead, my instructions made clear that the jury had to find "as to each defendant," whether "there was a lack of probable cause supporting the crimes, *all of them*, for which he was prosecuted." Trial Transcr. 533:7–9, 15 (Dec. 16, 2021), ECF No. 77.

Second, unlike in *Posr*, the charges against Plaintiff did not arise out of distinct facts, and therefore do not require separate analysis. In *Posr*, the plaintiff was charged in connection with his conduct at a protest; however, the charges arose from two distinct encounters

between the plaintiff and defendant officers. Initially, one of the officers got into an altercation with the plaintiff, assaulted him with a nightstick, and seemingly subdued him. The plaintiff subsequently broke away and was apprehended after a short chase. The plaintiff's charges for disorderly conduct and assault stemmed from the initial altercation, and his charge for resisting arrest, from his subsequent flight. Because the charges arose from distinct facts, it was necessary to consider whether each set of facts supported the connected charges. Here, in contrast, Plaintiff's charges all stemmed from the same facts, none of which needed to be analyzed separately.

Finally, *Posr* is distinguishable based upon the respective burdens of proof and production at trial. The *Posr* plaintiff had the burden of proving the absence of probable cause. Here, in contrast, Plaintiff was indicted by a grand jury, which created a rebuttable presumption that probable cause did exist. Plaintiff therefore had the burden to prove that probable cause to initiate the proceedings did not exist, and that Defendants' conduct influenced the grand jury's decision to indict him, or that the indictment was produced by fraud, perjury, the suppression of evidence or other conduct undertaken in bad faith. *See Grier v. City of Mount Vernon*, No. , 2019 U.S. Dist. LEXIS 40713, at *15 (S.D.N.Y. Mar. 13, 2019) (quoting *Rothstein v. Carriere*, 373 F.3d 275, 282–83 (2d Cir. 2004)) ("[A] malicious prosecution claim after an indictment may only succeed if the plaintiff established the indictment was 'produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'").

My instructions to the jury reflected these burdens. I stated that the grand jury indictment created a rebuttable presumption of probable cause but further explained that Plaintiff could rebut the presumption if he established that "police officers maliciously gave the assistant district attorney, and therefore the grand jury, inaccurate information, known by them to be

accurate, or reckless as to whether it was true or accurate, the rebuts the presumption [of] probable cause." Trial Transcr. 534:16–20 (Dec. 16, 2021), ECF No. 77. I further instructed that if the jury found that the defendants initiated the prosecution "maliciously," "due to a wrong or improper motive, or for an improper purpose—that is, for a purpose other than bringing an offender to justice or a desire to see the ends of justice served[,] . . . if done out of personal ill will or in reckless disregard of the rights of the accused," it was permitted "to infer the existence of malice based on a lack of probable cause." *See id.* 536:7–20 (Dec. 16, 2021), ECF No. 77.

As my instructions made plain, and unlike in *Posr*, Plaintiff had the burden of proving that probable cause did not exist to initiate the prosecution. He failed to do so because he did not show that the indictment was procured by fraud, perjury, or other bad faith conduct, or that the proceedings were initiated maliciously. And Plaintiff does not argue otherwise. He claims only that he is entitled to a new trial under *Posr*. But, as discussed above, *Posr* does not apply here because the question that the jury had to resolve was whether Plaintiff rebutted the presumption of probable cause created by the grand jury's indictment, not whether probable cause existed in the first instance.

Plaintiff's motion for a new trial on his malicious prosecution claim is denied.

**CONCLUSION**

For reasons provided above, the motion for judgment as a matter of law under Rule 50(b), or for a new trial under Rule 59(a), is denied. The Clerk of Court shall terminate ECF No. 64.

SO ORDERED.

Dated: April 19, 2022
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge