UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                    :
KEVIN HUTCHINSON,                                :
                                                    : **ORDER AWARDING BILL OF**
                                        Plaintiff, : **COSTS**
         -against-                                :
                                                    : 19 Civ. 270 (AKH)
BRENDAN GRACE, MANDEEP SINGH, and :
CITY OF NEW YORK,                  :
                                                    :
                                         Defendants. :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

     On January 9, 2019, Plaintiff Kevin Hutchinson ("Plaintiff") brought this lawsuit against Defendants Brendan Grace, Mandeep Singh, and the City of New York (collectively "Defendants") under 42 U.S.C. § 1983, alleging constitutional violations and asserting claims for false arrest; excessive force; malicious prosecution; unlawful strip search; and denial of his right to a fair trial; and as to Defendant City of New York, respondeat superior liability. (ECF No. 1). A jury trial commenced on December 9, 2021 and concluded on December 17, 2021, when the jury returned a verdict in favor of Defendants on all counts. The Clerk of Court entered judgment on January 5, 2022. (ECF No. 61). Plaintiff subsequently moved for judgment as a matter of law, to set aside the verdict, or in the alternative, for a new trial, (ECF No. 64), which I denied in full on April 19, 2022 (ECF No. 84). On May 18, 2022, pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54.1, and 28 U.S.C. § 1920, Defendants filed a Bill of Costs (ECF No. 85), seeking to recover taxable costs in the amount of $818.80, including $798.80 for obtaining Plaintiff's deposition and copies of the transcript, and as the prevailing party, $20.00 for docket fees, pursuant to 28 U.S.C. § 1923. Defendants support their request with a declaration (ECF No. 86), explaining the necessity and reasonableness of the costs, as well as an

1

invoice, establishing the costs incurred in obtaining Plaintiff's deposition and copies of the transcript—one original and two copies (ECF No. 86-2). Defendant maintains that the deposition costs are recoverable because Plaintiff's deposition was necessary for use at trial for the cross-examination of Plaintiff, the direct examination of the individual Defendants, and the preparation of Defendants' arguments at the close of evidence. Although Defendants do not claim that more than one copy of the deposition transcript was necessary, they explain that due to a contract between the City and Diamond Reporting, Inc., the City automatically receives, and implicitly pays for, the original and two copies. In other words, the cost for the deposition itself and one copy of the transcript would have cost the same. Plaintiff has not raised any objections, and the time to do so has passed. *See* ECF No. 85 (stating that objections were due by June 1, 2022).

Federal Rule of Civil Procedure 54(d)(1) provides that unless a federal statute or court order provides otherwise, costs other than attorney's fees should be awarded to the prevailing party. As a complement to Rule 54, 28 U.S.C. § 1920 outlines the costs generally taxable to the prevailing party. Local Rule 54.1 of the Southern District of New York more specifically details the costs taxable in this District. As relevant here, Local Rule 54.1 provides as taxable the costs for depositions, including the original transcript and one copy, if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety. *See* Local Rule 54.1(c)(2). In addition, 28 U.S.C. § 1923 allows a prevailing party to recover attorney's and proctor's docket fees at the rate of $20 on trial in a civil case. *See* § 1923(a).

Having reviewed Defendant's Bill of Costs, declaration, and supporting documentation, I find that Defendants are entitled to recover costs associated with obtaining Plaintiff's deposition and the transcript. Although Local Rule 54.1 states that a party may only

receive costs for one copy of a deposition, I award Defendants $798.80 because the cost of obtaining only one transcript would have been the same. I also award Defendants $20.00 for docket fees, as these are taxable under both Section 1923 and Local Rule 54.1(c)(10).

In sum, I award Defendants $818.80, which includes $798.80 for obtaining Plaintiff's deposition and the transcript, and $20.00 for docket fees.

SO ORDERED.

Dated:  June 2, 2022
        New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge